■ In the Matter of RALPH CASTELLANO, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [675 NYS2d 914] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

The Attorney-General has advised this Court by letter that the determination at issue has been administratively reversed and that all references thereto will be expunged from petitioner's record. Inasmuch as petitioner has received all the relief to which he is entitled, the matter is moot and the petition is dismissed (*see, Matter of Martin v Henderson*, 159 AD2d 867).

Cardona, P. J., Mikoll, Crew III, Peters and Spain, JJ., concur. Adjudged that the petition is dismissed, as moot, without costs.

■ In the Matter of PAUL RIVERA, Appellant, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [673 NYS2d 951] —Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered July 17, 1997 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to state a cause of action.

Petitioner, an inmate at a State correctional facility, requested that he be transferred to a correctional facility in Georgia. After his verbal and written requests were denied, petitioner commenced this CPLR article 78 proceeding. Respondents moved to dismiss the petition on various grounds. Supreme Court granted the motion and dismissed the petition for failure to state a cause of action. Petitioner appeals.

We affirm. The decision whether to transfer an inmate from one prison to another is generally an administrative matter and a prisoner has no standing to challenge the place of his or her confinement (*see, Matter of Richards v Czarnetzky*, 68 AD2d 984, *lv denied* 47 NY2d 707; *see also, Finetti v Soley*, 73 AD2d 955). Furthermore, petitioner has presented no evidence that any statutory or constitutional right was violated when his request for a transfer was denied (*see, Matter of Howard v Miller*, 193 AD2d 988). Accordingly, Supreme Court's judgment is affirmed.

Mikoll, J. P., Mercure, White, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.